**LI QIN HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4770–ag.

United States Court of Appeals, Second Circuit.

June 7, 2007.

Joan Xie, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Li Kang Huang, a native and citizen of the People's Republic of China, seeks review of an October 3, 2006 order of the BIA affirming the May 6, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Kang Huang,* No. A 77 648 815 (B.I.A. Oct. 3, 2006), *aff'g,* No. A 77 648 815 (Immig. Ct. N.Y. City May 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However, where the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ that Huang was not credible, and noted that he had failed to challenge two of the IJ's key credibility findings. Concluding that those findings alone provided sufficient support for the IJ's denial, the BIA dismissed the appeal. It is unclear whether the BIA agreed with the IJ's other findings. Regardless, we review only the findings addressed by the BIA because we agree that they provide substantial evidence to support the agency's determination.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the adverse credibility determination was supported by substantial evidence. First, as noted by the BIA, the IJ was troubled by Huang's demeanor during his testimony. Indeed, the IJ noted Huang's body language and that he rolled his eyes when he was describing the incident with the police in his backyard—the incident that allegedly prompted his departure from China. Such demeanor findings merit substantial deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Second, the testimony regarding the incident with the police contained a glaring internal inconsistency. At first, in response to being asked how he had been arrested, Huang affirmatively stated that both he and his neighbor had been handcuffed. However, Huang testified a few moments later that he had not been handcuffed and that he had been able to escape without being arrested. This discrepancy was material and went to the heart of Huang's claim. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Accordingly, the asylum application was properly denied.

While we decline to address in this case the credibility findings that the BIA did not analyze, we note that at least some of those findings would provide additional support for the adverse credibility determination. Even assuming that the IJ erred with respect to the remaining findings, given Huang's questionable demeanor and the material inconsistency regarding the incident with the police, it can be stated with confidence that the same decision would be made on remand absent these errors. *See Xiao Ji Chen*, 471 F.3d 315, 335 (2d Cir.2006).

As Huang's claim for relief under CAT was based upon the same factual predicate as his asylum claim, that claim was properly denied. *See Ye v. Dep't of Homeland Security*, 446 F.3d 289, 297 (2d Cir.2006) (citing *Xiao Ji Chen*, 434 F.3d at 163 ("[W]here ... the applicant relies largely on testimonial evidence to establish [his] CAT claim, and does not independently establish a probability of torture apart from [his] stated fear, an adverse credibility finding regarding that testimonial evidence may provide a sufficient basis for denial of CAT relief.")).

Huang makes no independent argument with respect to the denial of his claim for withholding of removal. Accordingly, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).